**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

CASE NO. _____

ALEX DANDO,

    Plaintiff,

v.

OKE MCANDREWS,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff hereby sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, ALEX MCANDREWS (hereinafter "Plaintiff"), is a citizen and resident of Colorado.

2. Defendant, OKE MCANDREWS (hereinafter "Defendant"), is a citizen and resident of Connecticut.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4. There is complete diversity between the Plaintiff and Defendant for purposes of diversity jurisdiction, insofar as Plaintiff is a citizen of Colorado, and Defendant is a citizen of Connecticut.

5. Jurisdiction and venue are proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events or actions giving rise to the claim arose and occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

6. On February 6, 2024, Plaintiff was skiing at the Larkspur Bowl in Eagle County, Colorado.

7. On February 6, 2024, Defendant was skiing at the Larkspur Bowl in Eagle County, Colorado.

8. At all material times, both the Plaintiff and Defendant were "skiers" for purposes of the Colorado Ski Safety Act. C.R.S. 33-44-103(8).

### The Subject Incident

9. At or around noon on February 6, 2024, Plaintiff was skiing downhill at the bottom of Larkspur Bowl, coasting slowly towards where the slope flattens out and funnels below the central lift area.

10. Meanwhile, uphill of Plaintiff, Defendant was skiing down the bowl. Plaintiff noticed in his periphery Defendant making curving and slalom turns coming from Plaintiff's left rear side. Upon noticing Defendant, Plaintiff moved approximately ten (10) yards to Plaintiff's right.

11. Suddenly, Defendant took an unexpected sharp and sweeping right hand turn into Plaintiff. Plaintiff attempted to turn backwards away from the impending collision at the last second, but Plaintiff's left ski caught the edge of Defendant's ski. Defendant plowed into Plaintiff, and Plaintiff was ejected from his binding, causing Plaintiff to fall and sustain severe injuries.

### COUNT I –NEGLIGENCE *PER SE* PURSUANT TO THE COLORADO SKI SAFETY ACT

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, Defendant had the duty to maintain control of his speed and course at all times while skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects.

13. As the uphill skier, Defendant had the primary duty to avoid a collision with any skier, including Plaintiff, below him. C.R.S. § 33-44-109(2).

14. Defendant had the obligation "to heed all posted information and other warnings and to refrain from acting in a manner which may cause or contribute to the injury of the skier or others" within the meaning of C.R.S. § 33- 44-109(5).

15. Defendant had the sole responsibility for knowing the range of his own ability to navigate any slope or trail and to ski within the limits of such ability. *Id*., §109(1).

16. On February 6, 2024, Plaintiff was injured when Defendant collided with him while skiing down the Larkspur Bowl.

17. On February 6, 2024, Defendant was negligent by (a) failing to maintain his speed and course while skiing uphill of Plaintiff; (b) failing to maintain a proper lookout so as to be able to avoid other skiers, including Plaintiff; and/or (c) skiing in excess of posted warnings or information to ski in a slow and/or careful manner in the area where the incident occurred.

18. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost

wages (past and future) and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – COMMON LAW NEGLIGENCE

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

20. At all material times, Defendant owed other skiers, including Plaintiff, a duty of reasonable care.

21. On February 6, 2024, Plaintiff was injured when Defendant collided with him while skiing down the Larkspur Bowl.

22. On February 6, 2024, Defendant was negligent by (a) skiing in an unreasonable and dangerous manner; (b) skiing in an uncontrolled and/or reckless manner without regard to the position of other skiers on the trail, including Plaintiff; and/or (c) skiing down the ski trail too fast for the terrain, conditions and for the number and position of other skiers present.

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages (past and future) and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: November 19, 2024

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jacqueline Garcell*
**MICHAEL A. WINKLEMAN**
Bar No. 36719
mwinkleman@lipcon.com
**JACQUELINE GARCELL**
Bar No. 104358
jgarcell@lipcon.com